(November 13, 1997)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH DURAN, Appellant. [665 NYS2d 271] —Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered on or about February 23, 1996, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted. (*See, Anders v California*, 386 US 738; *People v Saunders*, 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no non-frivolous points which could be raised on this appeal.

Pursuant to CPL 460.20, defendant has the right to apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that Court and by submitting such application to the Clerk of that Court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within thirty (30) days after service of a copy of this order, with notice of entry.

Denial of the application for permission to appeal by the Judge or Justice first applied to is final and no new application may thereafter be made to any other Judge or Justice. Concur—Murphy, P. J., Rosenberger, Ellerin, Rubin and Tom, JJ.

■ NATIONAL FINANCIAL Co., a Partnership between INTERSTATE MORTGAGE CORPORATION and NATIONAL REFINANCE CO., INC., Respondent, v LUIS PEREZ et al., Appellants, et al., Defendants. [663 NYS2d 852] —Judgment, Supreme Court, New York County (Alice Schlesinger, J.), entered July 22, 1996, awarding plaintiff the principal sum of $76,748.44, unanimously affirmed, without costs.

We agree with the IAS Court's finding that the personal guarantees executed by defendants were primary obligations as to which defenses to the note were irrelevant and, since the guarantees were expressly applicable to obligations "now or hereafter existing, due or to become due", collateralized the 1988 note even though its underlying obligation was incurred after execution of the guarantees. It is therefore unnecessary to determine whether plaintiff established its status as a holder in due course. Concur—Murphy, P. J., Rosenberger, Ellerin, Rubin and Tom, JJ.